UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 19cr10319 |
| v. | Violations: |
| JOHN M. LYNCH, | Count One: Bribery Involving Organization Receiving Federal Funds (18 U.S.C. § 666(a)(1)(B)) |
| Defendant | Count Two: Filing a False Tax Return (26 U.S.C. § 7206(1)) |
| | Forfeiture Allegation: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461. |

FILED IN CLERKS OFFICE 2019 AUG 30 AM 10:01 U.S. DISTRICT COURT DISTRICT OF MASS.

## INFORMATION

Unless otherwise specified, at all times relevant to this Information:

### General Allegations

1. JOHN M. LYNCH, a Boston resident, was the Assistant Director of Real Estate at the Economic Development Industrial Corporation ("EDIC"), a part of the Boston Planning and Development Agency ("BPDA"). The BPDA, in general terms, was the planning and economic development agency for the City of Boston, which was charged under the Massachusetts General Laws with overseeing and managing urban renewal and redevelopment within Boston. Within the BPDA, EDIC was responsible for managing and overseeing certain Boston agency-owned property (*e.g.*, the Raymond L. Flynn Marine Park and Charlestown Navy Yard). Prior to joining EDIC in or about 2016, defendant LYNCH had worked for over 20 years at the Boston Department of Neighborhood Development, another city agency involved in creating and managing affordable housing within Boston.

1

2. "Individual A" was a real estate developer, who had invested in, developed, and sold private residential and commercial real estate in the Boston area, including in areas that were subject to local City of Boston zoning regulations. Defendant LYNCH and Individual A had known each other for several years after having previously met while both worked at another Boston city agency.

3. The "Zoning Board Member" was a member of the Zoning Board of Appeal ("ZBA"), the City of Boston agency which was responsible for hearing and ruling on requests for various permits, variances, and other zoning relief pertaining to certain properties in Boston. The ZBA consisted of seven board members, with each appointed to a three-year term. Defendant LYNCH had known the Zoning Board Member for several years on a personal and professional basis.

4. During each of calendar years 2017 and 2018, the City of Boston received benefits in excess of $10,000 under federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other form of federal assistance.

### The Bribery Scheme

5. In or about early 2017, Individual A sought a buyer for a parcel of real estate, which was subject to ZBA regulation and approval. Pivotal to the sale of Individual A's property ("Property A") was the ability to secure ZBA approval for an extension of a permit that would allow Property A to be developed into multiple units. In order to obtain this permit extension, Individual A entered into an agreement with defendant LYNCH whereby defendant LYNCH agreed to use his official position within the BPDA to instruct and advise the Zoning Board Member to vote in favor of a permit extension for Property A in exchange for the payment of a cash bribe from Individual A to defendant LYNCH.

6. Defendant LYNCH and Individual A agreed that Individual A would pay defendant LYNCH the bribe in the form of a silent broker's fee after the sale of Property A had closed.

7. In or about May 2017, the Zoning Board Member, as per defendant LYNCH's instruction and advice, voted to grant the permit extension for Property A. After obtaining the permit extension, Individual A was able to sell Property A at an approximately $500,000 profit – a profit that Individual A would not have been able to realize without defendant LYNCH's official assistance.

8. In or about early 2018, after the sale of Property A had closed, and pursuant to defendant LYNCH's corrupt agreement with Individual A, defendant LYNCH began collecting approximately $50,000 in bribe payments from Individual A as follows:

   a. February 16, 2018 – Individual A issued a $25,000 check to defendant LYNCH. At LYNCH's direction, Individual A left the payee line blank. In order to conceal the illicit income from the bribe, defendant LYNCH made the $25,000 check payable to a contractor who was performing personal work for defendant LYNCH.

   b. March to July 2018 – defendant LYNCH accepted $10,000 in the form of two separate $5,000 cash bribe payments from Individual A.

   c. September 5, 2018 – defendant LYNCH accepted a $5,000 cash bribe payment from Individual A.

   d. October 3, 2018 – defendant LYNCH accepted a $5,000 cash bribe payment from Individual A.

   e. November 20, 2018 – defendant LYNCH accepted a $5,000 cash bribe payment from Individual A.

### The False Federal Tax Return

9. From in or about March to July 2018, defendant LYNCH accepted $10,000 in cash from Individual A for LYNCH's assistance with the sale of another property owned by Individual A. This was in addition to the $50,000 in bribe payments that defendant LYNCH received from Individual A, as referenced in Paragraph 8.

10. On or about April 9, 2019, defendant LYNCH, under penalty of perjury, electronically signed and caused to be filed with the Internal Revenue Service ("IRS") a joint 2018 U.S. Individual Income Tax Return, Form 1040 (the "2018 Return") on behalf of himself and his spouse.

11. The 2018 Return did not include approximately $60,000 of additional income received by defendant LYNCH from Individual A in 2018, as more fully set forth in Paragraphs 8 and 9, which, in fact, defendant LYNCH intentionally caused to be concealed from the IRS.

# COUNT ONE
Bribery Involving Organization Receiving Federal Funds
(18 U.S.C. § 666(a)(1)(B))

The United States Attorney charges:

12. The United States Attorney re-alleges and incorporates by reference paragraphs 1-11 of this Information.

13. From in or about early 2017 to in or about November 2018, in the District of Massachusetts, and elsewhere, the defendant,

## JOHN M. LYNCH,

an agent of the City of Boston, a local government that received federal benefits in excess of $10,000 in calendar years 2017 and 2018, under Federal programs involving grants, contracts, subsidies, loans, guarantees, insurance, and other form of federal assistance, did corruptly solicit, demand, accept and agree to accept a thing of value from a person, that is, payments in the amount of approximately $50,000 from Individual A, intending to be influenced and rewarded in connection with a transaction and series of transactions of the City of Boston involving $5,000 or more, that is, the ZBA's approval of a permit extension for Property A.

All in violation of Title 18, United States Code, Section 666(a)(1)(B).

## COUNT TWO
## Filing a False Tax Return
## (26 U.S.C. § 7206(1))

The United States Attorney charges:

14. The United States Attorney re-alleges and incorporates by reference paragraphs 1-11 of this Information.

15. In or about April 2019, in the District of Massachusetts, and elsewhere, the defendant,

JOHN M. LYNCH,

did willfully make and subscribe a joint U.S. Individual Tax Return, Form 1040, for the tax year 2018, on behalf of himself and his spouse, which was verified by a written declaration that it was made under the penalties of perjury, and which was filed with the Director, Internal Revenue Service, and which return the defendant did not believe to be true and correct as to every material matter, as described in Paragraph 11 of this Information.

All in violation of Title 26, United States Code, Section 7206(1).

## FORFEITURE ALLEGATION
(18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

The United States Attorney further alleges:

16. Upon conviction of the offense charged in Count 1 of this Information, in violation of Title 18, United States Code, Section 666(a)(1)(B), the defendant

JOHN M. LYNCH,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to, the following:

    a. $50,000, to be entered in the form of a forfeiture money judgment.

17. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

_____
DUSTIN CHAO
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: AUGUST 30, 2019