

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 15, 2019

Hank Brennan, Esq.
20 Park Plaza, #400
Boston, MA 02116
(617) 201-5977

Re: United States v. John M. Lynch
Criminal No.

Dear Mr. Brennan:

The United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, John M. Lynch ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

1. Change of Plea

Defendant will waive Indictment and plead guilty to Counts 1 and 2 of the Information: Count 1: Bribery Involving Organization Receiving Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(B), and Count 2: Filing a False Tax Return, in violation of 26 U.S.C. § 7206(1). Defendant admits that he committed the crimes specified in these counts and is in fact guilty of each one.

The U.S. Attorney agrees not to charge Defendant pursuant to 18 U.S.C. § 1957 based on the conduct underlying the crimes charged in this case that is known to the U.S. Attorney at this time.

2. Penalties

Defendant faces the following maximum penalties: (a) Count 1 - incarceration for 10 years; supervised release for 3 years; a fine of $250,000 or twice the gross gain or loss, whichever is greater; a mandatory special assessment of $100; restitution; and forfeiture to the extent charged in the Information; and (b) Count 2 – incarceration for 3 years; supervised release for one year; a

fine of $100,000; and a mandatory special assessment of $100.

Defendant understands that, if he is not a United States citizen, pleading guilty may affect Defendant's immigration status. Defendant agrees to plead guilty regardless of any potential immigration consequences, even if Defendant's plea results in being automatically removed from the United States.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 23:

   a) Defendant's base offense level is 14, because Defendant was a public official (USSG § 2C1.1(a)(1));

   b) Defendant's offense level is increased by 12, because the value of the benefit received as a result of the Defendant's conduct was over $250,000 (USSG §§ 2C1.1(b)(2), 2B1.1(b)(1)(G)); and

   c) Defendant's offense level is decreased by 3, because Defendant has accepted responsibility for Defendant's crimes and has timely notified authorities of his intention to enter a plea of guilty (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation, and that Defendant may not withdraw his guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in his sentence based on acceptance of responsibility if: (a) at sentencing, Defendant does not clearly accept responsibility for the crimes he is pleading guilty to committing; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) incarceration within the Guidelines sentencing range as calculated by the parties in Paragraph 3;

    b) a fine within the Guidelines sentencing range as calculated by the parties, excluding departures, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

    c) 12 months of supervised release;

    d) a mandatory special assessment of $200, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

    e) forfeiture as set forth in Paragraph 7.

The parties agree jointly to recommend that the Court order restitution to the Internal Revenue Service ("IRS") in an amount not less than $16,800.

In addition, the parties agree jointly to recommend the following special condition of any term of supervised release or probation – that during the period of supervised release or probation, Defendant must, within six months of sentencing or release from custody, whichever is later.

    i. cooperate with the Examination and Collection Divisions of the IRS;

    ii. provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

    iii. provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

    iv. file accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

    v. make a good faith effort to pay all delinquent and additional taxes, interest, and penalties.

5. **Protection of Assets for Payment of Restitution, Forfeiture and Fine**

Without the written approval of the U.S. Attorney, Defendant agrees not to transfer, or to cause or allow anyone else to transfer, (a) any asset restrained by the Court or which Defendant has agreed to forfeit under this Agreement; or (b) any other asset in which Defendant has an interest.

The parties also agree, however, to the following exceptions to the above. Defendant is free to transfer, or to cause or allow others to transfer:

    a) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000;

b) Ordinary living expenses, so long as such assets do not exceed $10,000 per month; and

c) Attorney's fees incurred in this criminal case.

The prohibitions in this paragraph remains in effect until Defendant has paid any fine, forfeiture, or restitution ordered by the Court and resolved any tax liability resulting from the charged conduct.

Defendant also agrees to complete, truthfully and accurately, the enclosed sworn financial statement within 30 days of signing this Agreement.

6. <u>Waiver of Appellate Rights and Challenges to Conviction or Sentence</u>

Defendant has the right to challenge his conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that his conviction or sentence should be overturned.

Defendant understands that he has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) He will not challenge his <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge any prison sentence of 57 months or less or any court orders relating to forfeiture, restitution, fines or supervised release. This provision is binding even if the Court's Guidelines analysis is different than the one in this Agreement.

c) The U.S. Attorney agrees that, regardless of how the Court calculates Defendant's sentence, the U.S. Attorney will not appeal any sentence of imprisonment of 46 months or more.

Defendant understands that, by agreeing to the above, he is agreeing that his conviction and sentence will be final when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge his conviction and sentence, regardless of whether he later changes his mind or finds new information that would have led him not to agree to give up these rights in the first place.</u>

Defendant acknowledges that he is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

4

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that his lawyer rendered ineffective assistance of counsel, or that the prosecutor engaged in misconduct serious enough to entitle Defendant to have his conviction or sentence overturned.

7. Forfeiture

Defendant understands that the Court will, upon acceptance of Defendant's guilty plea, enter an order of forfeiture as part of Defendant's sentence, and that the order of forfeiture may include assets directly traceable to Defendant's offense, assets used to facilitate Defendant's offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense.

The assets to be forfeited specifically include, without limitation, the following:

    a. $50,000 in United States currency, to be entered in the form of an Order of Forfeiture (Money Judgment).

Defendant admits that $50,000 is subject to forfeiture on the grounds that it is equal to the amount of proceeds the Defendant derived from the offense.

Defendant acknowledges and agrees that the amount of the forfeiture money judgment represents proceeds the Defendant obtained (directly or indirectly), and/or facilitating property and/or property involved in, the crimes to which Defendant is pleading guilty. Further, in the event that, due at least in part to the acts or omissions of Defendant, the proceeds or property have been transferred to, or deposited with, a third party, spent, cannot be located upon exercise of due diligence, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty, the Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to consent to the entry of an order of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands and agrees that forfeiture shall not satisfy or affect any fine, lien, penalty, restitution, cost of imprisonment, tax liability or any other debt owed to the United States.

If the U.S. Attorney requests, Defendant shall deliver to the U.S. Attorney within 30 days after signing this Plea Agreement a sworn financial statement disclosing all assets in which Defendant currently has any interest and all assets over which Defendant has exercised control, or has had any legal or beneficial interest. Defendant further agrees to be deposed with respect to Defendant's assets at the request of the U.S. Attorney. Defendant agrees that the United States

Department of Probation may share any financial information about the Defendant with the United States Attorney's Office.

Defendant also agrees to waive all constitutional, legal, and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement.

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

8. <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to his criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

9. <u>Breach of Plea Agreement</u>

Defendant understands that if he breaches any provision of this Agreement, Defendant cannot use that breach as a reason to withdraw his guilty plea. Defendant's breach, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, and would allow the U.S. Attorney to pursue any charges that were, or are to be, dismissed under this Agreement.

If Defendant breaches any provision of this Agreement, the U.S. Attorney would also have the right to use against Defendant any of Defendant's statements, and any information or materials he provided to the government during investigation or prosecution of his case. The U.S. Attorney would have this right even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Finally, if Defendant breaches any provision of this Agreement, he thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

10. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

11. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

* * *

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Dustin Chao.

Sincerely,

ANDREW E. LELLING
United States Attorney

By: _____
FRED M. WYSHAK, JR.
Chief, Public Corruption Unit


_____
DUSTIN CHAO
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

_____
JOHN M. LYNCH
Defendant

Date: 8/26/2019

I certify that John M. Lynch has read this Agreement and that we have discussed what it means. I believe John M. Lynch understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

_____
HANK BRENNAN, Esq.
Attorney for Defendant

Date: 8/26/19

8