UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 19-10319-PBS |
| ) | |
| JOHN M. LYNCH ) | |
| ) | |
| Defendant ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**SARIS, C.J.**

WHEREAS, on August 30, 2019, the United States Attorney for the District of Massachusetts filed a two-count Information, charging defendant John M. Lynch (the "Defendant"), with Bribery Involving Organization Receiving Federal Funds, in violation of 18 U.S.C. § 666(a)(1)(B) (Count One); and Filing a False Tax Return, in violation of 26 U.S.C. § 7206(1) (Count Two);

WHEREAS, the Information also included a forfeiture allegation, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c) which provided notice that the United States intended to seek the forfeiture, upon conviction of the Defendant of one or more of the offense alleged in Count One of the Information, of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, and the property to be forfeited includes but is not limited to the following:

      a.      $50,000, to be entered in the form of a forfeiture money judgment;

WHEREAS, the Information further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in

value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 28 U.S.C. § 2461(c), incorporating 21 U.S.C. § 853(p);

WHEREAS, on September 12, 2019, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a written plea agreement that he signed on August 26, 2019;

WHEREAS, in Section 7 of the plea agreement, the Defendant agreed to forfeit to the United States $50,000 in United States currency on the grounds that it is equal to the amount of proceeds that Defendant derived from the offense as a result of his guilty plea;

WHEREAS, based on the Defendant's admissions in the written plea agreement and his guilty plea on September 12, 2019, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against the Defendant, in the amount of $50,000 in United States currency, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

WHEREAS, the amount of $50,000 in United States currency constitutes proceeds that the Defendant obtained as a result of violations of 18 U.S.C. § 666(a)(1)(B); and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Defendant, shall forfeit to the United States the sum of $50,000 in United States currency, pursuant to 18 U.S.C § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3. The United States may, at any time, move pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amount set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4. The United States may, at any time, conduct pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5. Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against the Defendant.

PATTI B. SARIS
Chief United States District Judge

Dated: _____