UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | NO. .: 1:19-cr-10319-PBS |
| ) | |
| JOHN LYNCH ) | |

**DEFENDANT'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE AND/OR TO MODIFY SENTENCE PURUSANT TO 18 U.S.C. SECTION 3582 (c)(1)(A)(i)**

Now comes, John Lynch, through counsel, and respectfully requests this Honorable Court that his sentence be modified and/or reduced pursuant to 18 U.S.C. 3582(c)(1)(A)(i) in light of the local and national COVID-19 pandemic crisis. Mr. Lynch presently is incarcerated at the minimum-security satellite camp at FMC Devens in Ayer, Massachusetts. Mr. Lynch's October 9, 2020 request to FMC Devens Warden A. Boncher for request for Compassionate Release/Reduction in Sentence (RIS) based on extraordinary/compelling circumstances was denied by Warden Boncher on October 19, 2020.[1]

Mr. Lynch respectfully requests that the Court find that the risks COVID-19 pandemic poses to Mr. Lynch's health amounts to an "extraordinary and compelling" circumstance which warrants transferring Mr. Lynch to home confinement, with supervised release and conditions for the duration and remainder of his sentence, and/or reducing his sentence for "compassionate release" reasons thereby reducing the term of his sentence. If placed on home confinement, Mr. Lynch would return to his martial home, which is local, and live with his wife of forty-three years.

---

[1] See attachment 1. 10/19/20 written response from Warden A. Boncher denying Mr. Lynch's request for Compassionate Release/Reduction in Sentence.

1

Mr. Lynch is 68 years old. Mr. Lynch is one of thirteen children. Mr. Lynch's father and brother died from cardiac disease. Mr. Lynch suffers from coronary artery disease; circulation issues; high cholesterol and. high blood pressure. Mr. Lynch had a triple bypass surgery in 2004. Mr. Lynch's PSR mentions these conditions and refers to medical records from Massachusetts General Hospital in Boston. (See PSR #74) . Warden Boncher's written denial of Mr. Lynch's motion also cites additional medical conditions including hypothyroidism, hyperlipidemis, hypertension, actinic keratosis, gout, and chronic kidney disease.

On January 24, 2020 Mr. Lynch was sentenced to 40 months on Counts 1 (Bribery Involving Organizations Receiving Federal Funds 18 U.S.C. sec.666(a)(1)(B) and  & Count 2 (Filing a False Tax Return 26 U.S/C. sec. 7206(1), to be served concurrently with each other with 1 year of supervised release, a $200.00 special assessment and $14,400 in restitution. Mr. Lynch self-surrendered and began serving his sentence on April 14, 2020 approximately seven and one half months ago. Mr. Lynch reports he has maintained an unblemished disciplinary record while incarcerated, and has been disciplinary incident free.

As the Court is aware, COVID-19 is highly contagious and is spreading at a rapid rate. Studies are noting that COVID also poses the risk of re-infection. The CDC notes that age increases risk for severe illness and that eight out of ten COVID-19 deaths reported in the U.S. have been in adults 65 years old and older. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html. The CDC informs that if a person in Mr. Lynch's age bracket (68) contracts COVID-19 they are five times more likely to require hospitalization and 90 times more likely to die from COVID-019 then younger adults.

The CDC also advises that adults, such as Mr. Lynch, that suffer from coronary artery disease are at increased risk and those like Mr. Lynch that suffer from hypertension might have

an increased risk of a severe illness from COVID-19.Confinement to a prison increases the risk of contracting COVID-19 because social distancing is difficult or impossible in a prison. See Calderon Jimenez v. Cronen, D. Mass. No. 18-CV-10225-MLW (Mar. 26, 2020) (ECF # 507-1 at 4).

Given the inherent risks of COVID-19. FCI Deven's reported implementation of modified operations has meant that Mr. Lynch has been placed on partial lockdown and restrictions for several months. These necessary limitations limit Mr. Lynch's communications with his family and the outside world.  while living under constant fear of a deadly infection because social distancing is impossible. These conditions have resulted in unavoidable punishment not contemplated in Mr. Lynch's sentence and arguably exceed what might be considered appropriate  punishment. for his misconduct.

Mr. Lynch does not appear to be a danger to any other person or the community. The Federal Sentencing Guidelines direct that compassionate release is only appropriate for persons that are not a danger to other persons or the community. 18 U.S.C .sec. 3142(g). Mr. Lynch had no prior record before his convictions and both of his convictions were for non-violent offenses. Mr. Lynch accepted responsibility for his crimes and plead guilty to an information.

Section 3553(a) factors also are in concert with a conclusion of early release. The lack of prior criminal history; his current incarceration; loss of public reputation and benefits; age and unlikelihood of return to a position of government authority; the protection of the public, the time and ability to reflect on the seriousness of his transgressions and a reduced sentence not being inconsistent with similar sentencing are all factors that are supportive of early release.

Pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i), this Court may "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without

conditions, that does not exceed the portion of the original term of imprisonment), after considering the factors set forth in section 3551(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

### Conclusion

Mr. Lynch committed a serious offense and admittedly deserves punishment. In light of his present incarceration and all of the collateral consequence Mr. Lynch has accepted, the continued purpose of punishment can be satisfied by home confinement. Given Mr. Lynch's age, underlying medical conditions, non-violent offense, lack of prior criminal record, acceptance of responsibility and remorse, and given that his crimes and past conduct do not create a danger to the community pursuant to 18 U.S.C .sec. 3142(g), a sentence of home confinement. is sufficient, but not greater than necessary, to achieve the purposes of sentencing satisfying both the "extraordinary and compelling reasons" requisite of 18 U.S.C. §3582(c)(1)(A)(i), and the relevant sentencing factors in 18 U.S.C. §3553(a).

Respectfully submitted,

/s/ Hank Brennan
_____
Hank Brennan
20 Park Plaza, Suite 400
Boston, MA 02116
(617) 201-5977
BBO # 634036

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2020, the following document:

1. The Defendant's emergency motion for compassionate release and/or to modify sentence pursuant to 18 U.S.C. Section 3582 (c)(1)(A)(i).

was filed electronically via the Case Management/Electronic Case Files system, and that ECF will send a Notice of Electronic Filing (NEF) to:

Dustin Chao, Esq.,
United States Attorney's Office

I also emailed a copy of the motion to Attorney Chao.

Dated this 30th day of November, 2020.

                                                      /s/ Hank Brennan
                                                      Hank Brennan